**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOSHUA GROSSMAN, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 3:21-cv-00153-S |
| ONE TECHNOLOGIES LLC, d/b/a Freescore360.com, a Texas limited liability company; and DOES 1-100, inclusive, | | |
| Defendants. | | |

**PLAINTIFF'S BENCH BRIEF ADDRESSING DIVERSITY OF JURISDICTION**

## BACKGROUND

This case arises from forty-five (45) unsolicited commercial emails sent by Defendant ONE TECHNOLOGIES, LLC ("Defendant") to Plaintiff JOSHUA GROSSMAN's ("Plaintiff") (collectively "Parties") email address, in violation of California's anti-spam statute, Business & Professions Code § 17529.5 (the "Anti-Spam Statute"). (Complaint ¶ 5, Dkt. No 1-1.) Plaintiff resides in California, (*id.* ¶ 18), and Defendant resides in Dallas, Texas, where its principal place of business is located (*Id.* ¶ 24). The Complaint alleges that, Defendant, directly, or indirectly through a third-party acting on behalf of Defendant, sent the unsolicited emails (*id.*

¶¶ 27-29). Further it states that the third-party's identity and location are currently unknown. (*Id.*)

Defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (Def.'s Motion to Dismiss, Dkt. No. 12.) The Motion states that the location of Defendant's members, employees, officers, property, sales, and operations, along with witnesses, documentary evidence, and documents related to the claims and possible defenses in this case, are in Texas. (Zittlau Decl. ¶¶ 2, 4, 9, Ex. 1 to Def.'s Mot. to Dismiss, Dkt. No. 12-2.)

Plaintiff did not oppose Defendant's Motion to Dismiss but alternatively requested the case be transferred to the Northern District of Texas pursuant to the 28 U.S.C. § 1404 (a), which grants the Court discretion to transfer a case for the "convenience of parties and witnesses" and "in the interest of justice." On December 16, 2020, the Court, seeking grounds to support the requested transfer, ordered Plaintiff to file a supplemental brief addressing why transfer would serve the "convenience of parties and witnesses" and "the interest of justice" under 28 U.S.C. § 1404 (a). (Ruling on One Technologies, LLC's Motion to Dismiss at 4). Following a Court hearing on January 21, 2021, the Court granted the Parties' request to transfer the matter to the United States District Court for the Northern District of Texas.

On February 8, 2021, during a Status Conference, the Court ordered the Parties to file a bench brief addressing whether or not the Court, having limited jurisdiction, can assert diversity subject matter jurisdiction under 28 U.S.C § 1332 – specifically whether the amount in controversy exceeds $75,000.

## ARGUMENT

"Plaintiff's must satisfy the $75,000 threshold individually and not as a group or class." *Bates v. Laminack,* 938 F.Supp.2d 649, 654 (2013). "If Plaintiff's good faith allegations of injury support the required amount, then Defendants must show—to a legal certainty—that Plaintiffs cannot actually meet the threshold with their causes of action." *St Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). "The standard by which the Court reviews the complaint for indication of the amount in controversy is whether the amount is 'likely' to exceed $75,000 based on the types of claims alleged and the nature of the damages sought." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir 1995). The Supreme Court held that the amount claimed by plaintiffs is controlling when jurisdiction is challenged on the basis of the amount in controversy: "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288-289 (1938). "When the jurisdiction of a federal court is challenged the court has a duty to make the inquiries necessary to establish its *own*

*jurisdiction.*" *Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 537 (emphasis added); *see also Opelika Nursing Home, Inc. v Richardson*, 448 F.2d 658, 666 (5th Cir. 1971). There is no set procedure in determining whether the amount in controversy has been satisfied. *Foret* at 537. This is entirely within the discretion of the trial court. *Id.* (citing *Opelika* at 667). Further, *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002), held that attorney fees are included in determining the jurisdictional amount for purposes of diversity jurisdiction.

1. **ATTORNEY'S FEES ARE INCLUDED IN THE CALCULATION OF THE AMOUNT IN CONTROVERSY**

In order to meet the amount in controversy requirement, the plaintiff must seek a sum that exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). The amount in controversy is determined by first examining the face of the complaint. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In his Complaint, Plaintiff alleges that at least forty-five (45) unlawful emails are at issue (Complaint ¶ 5, Dkt. No 1-1).  California Business and Professions Code section 17529.5, the California statute under which Plaintiff sues, authorizes "[l]iquidated damages of one thousand dollars ($1,000) for each unsolicited commercial e-mail advertisement transmitted in violation of this section, up to one million dollars ($1,000,000) per incident." *See* Cal. Bus. & Prof.

Code § 17529(b)(1)(B)(ii); *see also* Complaint, Prayer for Relief. Thus, Plaintiff requests $45,000 in liquidated damages for the forty-five (45) unlawful emails at issue.

Although attorney fees are generally not included for the purpose of determining jurisdiction under § 1332, attorney fees should be included where they are provided for by contract or statute. *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981); *see also Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 874 (5th Cir. 2002) (holding that "[w]hen a contract or statute at issue in a case contains a provision for the potential award of fees, such fees may be included in the amount in controversy"); *see also Davenport v. BellSouth Corp.*, 2007 U.S. Dist. LEXIS 103126, *5, 2007 WL 2572317.

The statute at issue authorizes an award of attorney's fees to a prevailing plaintiff. "The recipient, an electronic mail service provider, or the Attorney General, if the prevailing plaintiff, may also recover reasonable attorney's fees and costs." Cal. Bus. & Prof. Code § 17529 (b)(1)(C).

Since the statute at issue entitles Plaintiff to attorney's fees incurred in connection with enforcement, as is the case here, reasonable attorney's fees may properly be included in the calculation of the amount in controversy. An amount of fees greater than $30,000 is necessary to reach the jurisdictional threshold.

Plaintiff believes it will incur over $30,000 in attorney's fees for the prosecution of this case.

## CONCLUSION

Therefore, this Court may assert diversity subject matter jurisdiction under 28 U.S.C § 1332 as no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000.

Respectfully submitted:

Dated: February 22, 2021

By: /s/ *Veronica Cruz*
Veronica Cruz, Esq.
Admitted *Pro Hac Vice*
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: (800) 400-6808
Fax: (800) 520-5523
Email: veronica@kazlg.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

On February 22, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that all parties were served via electronic case filing, email, or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rules.

Dated: February 22, 2021                         By: */s/ Veronica Cruz*
                                                      Veronica Cruz, Esq.