UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA GROSSMAN, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 3:21-CV-00153-S |
| ONE TECHNOLOGIES LLC, ET AL., | | |
| Defendants. | | |

**DEFENDANT ONE TECHNOLOGIES, LLC'S BRIEF REGARDING JURISDICTION**

Pursuant to the Court's instructions provided during the February 8, 2021, Status Conference in this action, Defendant One Technologies, LLC submits the following brief addressing this Court's subject matter jurisdiction to preside over this action and the related issues discussed during the Status Conference.

## Introduction

Although One Technologies denies that plaintiff is entitled to any relief for alleged violations of California's anti-spam law, One Technologies submits that this Court has subject matter jurisdiction over the action and may exercise personal jurisdiction over One Technologies, and that venue in this judicial district is appropriate. As to subject matter jurisdiction, diversity jurisdiction under 28 U.S.C. § 1332 exists because the parties are citizens of different states, and because plaintiff seeks more than $75,000 inclusive of attorneys' fees expressly permitted by the California anti-spam statute and thus properly included in the amount in controversy requirement pursuant to Fifth Circuit authorities. Further, One Technologies is

headquartered in Dallas.  Thus, this Court may exercise personal jurisdiction over it and venue is proper here.

### Subject Matter (Diversity) Jurisdiction

This Court has subject matter (diversity) jurisdiction under 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1).

This action involves citizens of different states.  "Plaintiff is now, and at all times relevant has been, an individual domiciled in the State of California, County of Orange." (Compl. ¶ 18.)  At the time the complaint was filed and through the time of this filing, One Technologies has been (and is) a Delaware limited liability company headquartered in Dallas, Texas. (ECF No. 1 at ¶ 4.)  One Technologies' principal place of business has been (and is) in Texas, and not California. (*Id.*)  One Technologies' members are all individuals domiciled in Texas. (Id.)  None of its members is domiciled in California. (*Id.*)

Likewise, the amount in controversy exceeds $75,000.  California Business and Professions Code §17529.5, the statute under which plaintiff sues, authorizes "[l]iquidated damages of one thousand dollars ($1,000) for each unsolicited commercial e-mail advertisement transmitted in violation of this section, up to one million dollars ($1,000,000) per incident." Plaintiff alleges that at least 25 allegedly unlawful emails are at issue and requests that amount. (Compl. ¶ 47; *see also* Prayer for Relief ("WHEREFORE, Plaintiff prays that judgment be entered against Defendant for: . . . Liquidated damages of $25,000 against Defendant in the amount of each of the $1,000 per each of the twenty-five (25) unlawful spam e-mail, as

authorized by Bus. & Prof. Code § 17529.5(b)(1)(B)(ii). . . .").)  Thus, plaintiff requests $25,000 in liquidated damages for the 25 allegedly unlawful emails.

The statute at issue also authorizes an award of attorney's fees to a prevailing plaintiff. Cal. Bus. & Prof. Code § 17529.5(b)(1)(C) (a "prevailing plaintiff [] may also recover reasonable attorney's fees and costs.").  Plaintiff seeks those attorneys' fees here. (Compl. at Prayer for Relief ("WHEREFORE, Plaintiff prays that judgment be entered against Defendant for: . . . Reasonable attorneys' fees and costs as authorized by Bus. & Prof. Code § 17529.5(b)(1)(C).…").  Based in interactions with Plaintiff's counsel, Plaintiff apparently will seek more than $50,000 in attorneys' fees at trial if he prevails, and might rely on *Balsam v. Trancos, Inc.,* 203 Cal. App. 4th 1083, 1103, 138 Cal. Rptr. 3d 108, 123 (2012), which awarded $81,900 in attorneys' fees where plaintiff proved that eight emails (worth $1,000 each under the statute) violated California's anti-spam law.

Finally, Fifth Circuit authority holds that attorneys' fees are included when calculating whether the $75,000 amount in controversy requirement is met.  *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873 (5th Cir. 2002) ("[A]ttorney's fees are includable [in the amount in controversy calculation] when the state statute allowing cost shifting expressly defines the allowable expenses of litigation to include attorney's fees, especially when the plaintiffs expressly pray for recovery of costs."); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 390 (5th Cir. 2009) (holding that "attorney's fees were properly attributed to the class representatives for calculating the amount in controversy. . . for federal jurisdiction."); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.").

## Personal Jurisdiction

This Court may exercise personal jurisdiction over One Technologies because One Technologies and all of its members are domiciled within this judicial district. *Milliken v. Meyer*, 311 U.S. 457, 462 (1940) (holding that a federal court may exercise personal jurisdiction as to defendants domiciled within a state). Venue is also proper here for this same reason. *See* 28 U.S.C. § 1391(a)(1) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought . . . in a judicial district where any defendant resides, if all defendants reside in the same State."). Plaintiff has further consented to jurisdiction in this judicial district by affirmatively requesting that this action be transferred here from the Central District of California. *Grossman v. One Technologies, LLC*, 2:20-cv-09077-GW-JC (C.D. Cal.), Dkt. 18 at 11 ("Plaintiff hereby respectfully requests that the Court GRANT Plaintiff's request to transfer this action to the Northern District of Texas.").

## Conclusion

For the foregoing reasons, One Technologies, LLC submits that this Court has subject matter jurisdiction over the action and may exercise personal jurisdiction over One Technologies, and that venue in this judicial district is appropriate.

Dated: February 22, 2021

Respectfully submitted,

/s/ *Ari N. Rothman*
Ari N. Rothman (*pro hac vice*)
 anrothman@venable.com
Shahin O. Rothermel (*pro hac vice*)
 sorothermel@venable.com
**VENABLE LLP**
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4000 Telephone
(202) 344-8300 Facsimile

Jonathan R. Childers
Texas Bar No. 24050411
 jchilders@lynnllp.com
Eliyahu Ness
Texas Bar No. 24119651
 eness@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
214-981-3800 Telephone
214-981-3839 Facsimile

**ATTORNEYS FOR DEFENDANT
ONE TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

I certify that on February 22, 2021, a true and correct copy of this document was served on all counsel of record via the Court's ECF system.

/s/ *Jonathan R. Childers*
Jonathan R. Childers

4842-4693-3469